152 So. 550

**STATE v. WATTS et al.**

No. 32484.

Jan. 2, 1934.

Rehearing Denied Jan. 29, 1934.

John J. Wingrave, Harry Cabral and Richard A. Wingrave, all of New Orleans, for appellants.

Gaston L. Porterie, Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

ODOM, Justice.

The defendants were convicted of the crime of conspiracy to commit arson, as denounced by section 5, Act No. 8 of the Extra Session of 1870, which reads as follows:

"That whoever shall conspire with another person or persons to commit or procure the commission of the crime of murder, rape, robbery, burglary, arson, perjury or forgery, on conviction thereof, shall be imprisoned at hard labor not exceeding two years, nor less than six months, and fined not exceeding $2000, nor less than $500, at the discretion of the Court."

Defendants were sentenced to hard labor, and from the conviction and sentence they prosecute this appeal.

■ The bill of information filed against defendants, in so far as the same needs be quoted, reads as follows:

"Did then and there, feloniously, unlawfully, wickedly and maliciously conspire, confederate and agree with each other * * * to wilfully, feloniously and unlawfully commit the crime of arson, by burning the dwelling house of one Anthony A. Fatter, bearing the municipal number 1015 Germaine Street, in the City of New Orleans, in violation of section 5, Act 8 of 1870, E. S."

Defendants demurred to this bill on the ground that it does not follow the verbiage of section 5, but purports to charge the defendants with the crime of arson "in that they did burn the dwelling house of Anthony A. Fatter."

Counsel for defendants contend that it is not clear from the bill of information whether the state was prosecuting them for the crime of conspiracy or for the crime of arson. They base their contention on the fact that the bill, after reciting that defendants conspired to commit the crime of arson, proceeds with the clause "by burning the dwelling house of one Anthony A. Fatter."

The language of the bill makes it perfectly clear that defendants were charged only with the crime of conspiracy to commit arson and not with the crime of arson. The purpose of the clause "by burning the dwelling house of one Anthony A. Fatter" was to inform defendants that the conspiracy which they were alleged to have entered into was to burn the house of said Fatter, or to describe the property which they conspired to burn. If that clause had not been inserted in the bill, defendants would have been entitled to that information before proceeding to trial and could have obtained it by motion for a bill of particulars.

■ Defendants moved also to quash the bill of information on the ground that the entire Act No. 8 of 1870, Extra Session, was repealed by Act No. 211 of 1928.

Defendants lay stress on the repealing clause of Act No. 211 of 1928 (section 7), which reads as follows:

"That all laws and parts of laws in conflict or inconsistent herewith are hereby repealed; except that such repeal shall not prevent prosecutions, under presently existing laws, of any such crimes as may have been committed before this Act becomes effective."

There is no force in counsel's argument for the reason that Act No. 8 of the Extra Session of 1870 is not in conflict or inconsistent with the act of 1928, nor do the two acts relate to the same subject-matter. Act No. 211 of 1928 is an act "relative to the crimes of burning or attempting to burn certain property, defining said crimes and offenses, prescribing what facts shall constitute an attempt to burn such property, providing penalties for the same and repealing all laws or parts of laws in conflict therewith."

This act is written in six sections and refers exclusively to the crime of arson and attempts to commit arson, section 5 of the act making it unlawful for any person to attempt to set fire to or attempt to burn or to aid, counsel, or procure the burning of any building or property mentioned in the foregoing sections. Section 6 of the act prescribes what shall constitute an attempt to burn. There is nothing in this act which re-

fers to conspiracy or conspiracies to burn property of any kind.

Act No. 8 of the Extra Session of 1870 is an act "Relative to crimes and offenses." Section 1 of that act makes it a crime to take away, destroy, secrete, alter, mutilate, or deface any bill of indictment, information, bond, or any part of any record in any criminal proceeding in this state. Section 2 makes it unlawful to sever produce from the soil of another and to sever from any building any gate, fence, or inclosure. Section 3 makes it unlawful to wound or kill certain animals belonging to another person. Section 4 makes it unlawful to sell any produce or merchandise by short weights or measures. Section 5 denounces the crime of conspiracy to commit certain felonies. Section 6 is practically the same as section 5 except the offense of conspiracy is aggravated or made more serious where the conspirators enter or approach any dwelling house, school house, church house, or other buildings or assault any person or disturb a peaceable assembly while in pursuance of said conspiracy. Section 7 relates to conspiracies to commit assault and battery or to compel by violence or threats any person or persons to leave any place where they may lawfully be, and section 8 makes it unlawful for any person to shoot into certain buildings.

It is thus seen that this act does not pretend to denounce the crime of arson, whereas Act No. 211 of 1928 deals exclusively with the crime of arson and attempts to commit that crime.

Counsel for defendants objected to the introduction of evidence of confessions alleged to have been made concerning the crime charged. The objection was that the confessions were not free and voluntary. The testimony introduced by the state in support of its theory that the confessions were voluntary is all in the record. It shows beyond question that the confessions were made by these accused parties without the slightest coercion on the part of the officers and without any threat, inducement, or hope of reward or immunity being held out to them. Their confessions were unquestionably admissible and the trial judge did not err in allowing the evidence to go before the jury.

■ After the jury was empaneled, the state was proceeding in the presence of the jury to lay the foundation for the introduction of these confessions. Counsel for defendants objected to any testimony relating to the confessions going before the jury prior to a ruling by the trial judge as to their admissibility. The trial judge promptly sustained the objection and ordered the jury to retire and to remain out of the courtroom while the testimony was being taken. Counsel for defendants in brief and in oral argument say that it is improper for any evidence relating to alleged confessions to go before the jury until it is established to the satisfaction of the trial judge that such confessions were free and voluntary. If it be conceded that there is merit in this argument, the suggestion loses its force when it is shown that the objection made by counsel was promptly sustained by the court, the jury being ordered to retire in accordance with counsel's wishes.

Finding no error in the proceedings, the verdict and sentence are affirmed.